Idsley, J.
This is an application for a mandate of prohibition, and the question presented is, whether the Third District Court of New ■Orleans, which rendered a final judgment on the mortgage claim of the Bank of Louisiana against Pierre Sauvé and wife, in the suit instituted against them by Joseph W, Dougherty (No. 23178) transferee of the bank’s claim, can proceed to execute the judgment in the same court, notwithstanding the death since the judgment was rendered, of Pierre Sauvé, the mortgagor, and the opening of his succession in- the Second District Court of New Orleans. If the Third District Court is incompetent ratione materice to proceed in the case, the mandate must be granted; (16 An. 186 but not otherwise. C. P. 849.
As was said by this Court, in Williams v. Bank of Louisiana et al., “According to the 31st, 34th and 35th sections of the charter of the Bank of Louisiana, (1 Moreau’s Digest, 55,) it cannot be doubted that the right of this corporation, of causing the property mortgaged in its favor, to be seized and sold, in whatever hands it may be, notwithstanding any sale, or change of title by descent or otherwise, can in no manner be affected by the death or insolvency of their debtors,” and the proceedings to enforce the mortgage, as was said in 11th Rob. 209, “to avoid delays and formalities from which it was the intention of the Legislature to relieve the bank, must necessarily be before the ordinary tribunals, as a court of probate can issue no seizure and sale nor fieri facias, and can only order'the sale of the property and payment of debts in due course of administration.” C. P. 986, 987, 990, 991 and 993.
A probate sale of property mortgaged to the bank, would not release its mortgage, (1 An. 120) unless made with the bank’s consent. 17 La. 373; 2 An. 607.
The Bank Of Louisiana had the unquestionable right to proceed in a Court of ordinary jurisdiction, either via executiva or via ordinaria, tó have the property mortgaged to it, seized and sold. 7 Rob. 508; 11 Rob. 212. And this, notwithstanding the mortgage-debtor’s succession was opened in another court.
The judgment in this case is a personal one against the debtors, with a special recognition of the mortgage; but as there is no order in the decreé, that the specific thing shall be seized and sold, the only writ that can issue on it, is one of fieri facias.
*312 Such a writ was issued, and following the judgment, it set forth the bank’s mortgage, and under tnis writ oi fieri facias it became the duty of the sheriff to seize the mortgaged property. C. P. 616.
The execution of the judgment must, in such a case as this, be ordered by the Court that rendered it, for the probate court, as we have seen, can issue neither writs of seizure and sale nor of fieri facias.
If .the proceeds of the sale of the hypothecated property is insufficient to satisfy the whole claim, the bank or its transferee, must go into the probate court, to demand the balance. 11 Rob. 209.
We have so far considered the Bank of Louisiana as the party holding the mortgage claims, but this is unimportant, as th.a plaintiff in the suit No. 23178, being specially subrogated by the bank to all its rights, privileges, actions and remedies, he may lawfully exercise all these rights, in the. same manner as the bank itself could have done. 12 Au. page 82; 19 An., 177.
We. are satisfied that the Third, District Court of New Orleans is not ratione materid incompetent to proceed with the execution of the judgment rendered by it in suit No. 23178, and it is therfore ordered that the mandate of prohibition ordered be set aside, and rescinded, and that the Judge of the Third District Court of New Orleans proceed to the execution of the judgment rendered by him in the suit No. 23178 on the docket of his court.